# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 12:52 pm, Jul 25, 2017

| | |
|---|---|
| FREDERICK BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV417-137 |
| ) | |
| SOO SONG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMEDATION

*Pro se* prisoner Frederick Banks has filed this "Complaint for a Writ of Quo Warranto, Prohibition, and Mandamus," against a federal judge, a United States Attorney, and various other government officials.[1] *See* doc. 1 at 1. He also seeks leave to pursue his claim *in forma pauperis* (IFP). Doc. 2. His IFP application, however, shows that he is not indigent.

The Court is required to dismiss a case brought IFP if it determines, at any time, that the allegation of poverty is untrue.[2] 28

---

[1] Despite the caption on his pleading, its substance makes clear that he seeks monetary damages (in the amount of $855,000,000.00 "plus costs interests and fees") and to be "discharged from custody," among other relief.

[2] While a plaintiff need not be absolutely destitute to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), two important points must be

U.S.C. § 1915(e)(2)(A).  Banks discloses that he has received $1,250.00 in the last twelve months, as "gifts" from "friends," is holding $700.00 in cash, or in a checking or savings account, and "$250,000 [in r]eal [e]state, [a] $29,000 vehicle, [and an] unknown value of stocks and other investments."  Doc. 2 at 1.  His Complaint explains that he is "a stock and real estate investor and [he] invest[s] heavily in Hawaii properties," that he "own[s] and operate[s] a record label and [is] an international recording artist," and is extensively involved in litigation (he does not specify in what capacity), including pursuing an appeal on behalf of Bernie Madoff.  *See* doc. 1 at 2.

---

underscored.  First, proceeding IFP is a privilege, not an entitlement.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993).  And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

   "The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities.  But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal cites omitted).

Banks' disclosed assets show that he is not indigent, and thus not entitled to proceed IFP.[3] Thus, his application should be **DENIED** and his case **DISMISSED**.[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

[3] Even if the Court were to allow Banks to proceed IFP, his Complaint suggests problems with venue in this Court (Banks is incarcerated in Ohio and the circumstances he alleges all occurred in Pennsylvania), immunity issues (his principal allegation is that a federal judge "defamed" him when he stated "at a . . . hearing" that Banks was involved in millions of dollars of illegal stock trades), to say nothing of sheer frivolity (he alleges that he was "set up" by the FBI and "may" have been placed "under illegal CIA FISA electronic surveillance," and that he has had "communications with Ivanka Trump" alerting her to CIA surveillance of the Trump Campaign). *See* doc. 1 at 1-2. Despite his extraordinary allegations, Banks discloses that he has been evaluated by psychologists at "FMC Butner," and found competent. *Id*. at 1. That information suggests that Banks' more incredible allegations may have some ulterior motive. Regardless, his statement of his assets (made under penalty of perjury) shows that he is not entitled to proceed IFP.

[4] The Court will reconsider its recommendation of dismissal if Banks pays the required $400.00 filing fee during the 14-day period for objecting to this Report and Recommendation discussed below.

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __25th__ day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA